FRANCIS B. WALLACE, Respondent, v. SAMUEL O. DIMMICK, Appellant.

24h 635
f55ad421

*Irregularity in form of summons — when the court may allow it to be amended.*

A failure to name in the summons the county in which the plaintiff desires the trial to be held, is not such a defect as requires the court to set aside its service absolutely; the court may in a proper case deny a motion to set aside the service of such a summons on condition that a proper summons shall, within five days after the entry of the order, be served upon the defendant.

Appeal from an order made at Special Term, denying a motion made to set aside the service of the summons on the ground of its irregularity, provided that a summons properly corrected should,

within five days after the entry of the order, be served upon the defendant.

*D. Mitchell,* for the appellant.

*L. Seymour Ashley,* for the respondent.

Daniels, J.:

The irregularity in the summons consisted in the omission to name the county in which the plaintiff desired the trial to be had. While the provision contained in the Code, declaring the form of the summons, was mandatory in its nature, it did not follow because of that circumstance, that it should have been absolutely set aside because of the defect relied upon in support of the motion. It was, on the other hand, one of those omissions which the court had the power to allow to be corrected.

The authority prescribed on this subject is very extended, including as it does, any omission on the part of the attorney or counsel of the party by which the adverse party is not prejudiced. This was an omission of that description, and within the authority given to correct irregularities of this nature, it could be supplied, as that is allowed to be done by the order from which the appeal has been taken. (Code Civil Procedure, §§ 417, 721, subd. 12 and § 722.)

The case of *Osborn* v. *McCloskey* (55 How., 345), did not proceed upon any different construction of these provisions of the Code, or of their force or effect. The circumstances there were peculiar, and not deemed sufficient to justify the interference of the court to relieve the party from the effect of the irregularity appearing in the case. The present case appears to have been a peculiarly proper one for the equitable interposition of the court, by way of allowing the summons to be amended. The order for that purpose was judicious, and it should therefore be affirmed.

Davis, P. J., and Brady, J., concurred.

Order affirmed.